■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS MASON, Appellant.—Judgment, Supreme Court, New York County, rendered March 14, 1975, upon a plea of guilty to the crime of criminal possession of a controlled substance in the third degree, after denial of a motion to suppress physical evidence, unanimously reversed, on the law and the facts, the motion to suppress granted, the judgment of conviction vacated, and the indictment dismissed. Douglas Mason, while driving a Mercedes-Benz automobile, stopped at a traffic light at the intersection of West 167th Street and Amsterdam Avenue. Police Officers Kollman and Smith approached Mason and asked him for his license and registration. Mason produced a New Jersey driver's license and New Jersey registration. The officers, who had been trained in identifying valid foreign-State licenses, told Mason that he was under arrest for possession of a forged license. Mason was told he would be taken to the station house. Mason stated that he would not go to the police station and attempted to implement this declaration by jumping out of the car and pushing past both police officers. Mason was caught and handcuffed. After he was subdued, a plastic bag eight inches long and three to four inches wide containing a white powder (later determined to be cocaine) was found. Mason denied that it belonged to him. At the police station, Mason was given his *Miranda* warnings *(Miranda v Arizona,* 384 US 436). When asked where he had obtained the New Jersey license, he stated that he had bought it "from a guy in Jersey." When asked where he had gotten the plastic bag, Mason replied that he "had it" and "was just taking it with [him]." Mason was indicted and charged with criminal possession of a controlled substance in the first degree and resisting arrest. Defendant moved to suppress the physical evidence, as well as the statements which he

had made. The hearing court denied the motion in its entirety. Defendant subsequently pleaded guilty and upon this appeal seeks review of the denial of the motion to suppress (CPL 710.70, subd 2). We would reverse the determination of the hearing court, grant the motion to suppress, vacate the judgment of conviction, and dismiss the indictment. Both police officers testified at the suppression hearing that they had stopped the defendant's vehicle for a spot check, and the hearing court found as a fact that the stop was for a routine check of operator's license and registration. Stopping automobiles for routine traffic checks is impermissible unless the police officer reasonably suspects a violation of the Vehicle and Traffic Law *(People v Ingle,* 36 NY2d 413, 419), or the stop is conducted "pursuant to 'nonarbitrary, nondiscriminatory, uniform' highway traffic procedures" *(People v Sobotker,* 43 NY2d 559, 563; *People v Ingle,* cited *supra,* p 415). The arbitrary stop of the automobile in this case, without suspicion that there was a violation of the Vehicle and Traffic Law,* was impermissible. The physical evidence seized and the statements obtained as a result of the impermissible stop should therefore have been suppressed *(People v Simone,* 39 NY2d 818, 819). Concur—Birns, J. P., Fein, Lane, Silverman and Bloom, JJ.

---

* Officer Kollman stated that Mason was stopped for "a spot check, license and registration." Officer Smith also stated that he stopped the car for a spot check and then added, "Mr. Mason's head appeared just above the door, he was rather short for the car and rather young looking". The hearing court nonetheless found as a fact that the stop was for a routine traffic check. We agree with this finding. The statement of Officer Smith was insufficient to show a perceived violation of the Vehicle and Traffic Law.